**Diane LI, Plaintiff—Appellant,**

v.

**INTEL CORPORATION, Defendant—
Appellee.**

**No. 00–17507.
D.C. No. CV–99–20847–RMW.**

United States Court of Appeals,
Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted May 15, 2002.*
Decided May 28, 2002.

Before HAWKINS and SILVERMAN, Circuit Judges, and RESTANI,** Judge.

MEMORANDUM ***

Diane Li ("Li") appeals the court's summary judgment grant to Intel on Li's claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–12213. We have jurisdiction pursuant to 28 U.S.C. § 1291. Viewing the evidence in the light most favorable to Li's claim, we conclude that no triable issues of fact remain as to whether: (1) Li is substantially limited in the major life activity of cognitive learning under the ADA; or (2) Intel regarded Li as disabled in the major life activity of cognitive learning under the ADA. We therefore affirm.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Jane A. Restani, United States Court of International Trade, sitting by designation.

■ Li first contends she is disabled because her disorder substantially impairs her in the major life function of learning. However, Li fails to support her contention with particularity, as she must to satisfy this element of her prima facie case. *See Albertson's v. Kirkingburg,* 527 U.S. 555, 566, 119 S.Ct. 2162, 144 L.Ed.2d 518 (1999). Li neither demonstrates an inability to learn as "the average person in the general population can perform [learning]," or show that she is "significantly restricted as to the condition, manner or duration under which [she] can perform learning" when compared to the average person. 29 C.F.R. § 1630.2(j)(i).

In fact, the record strongly suggests that Li is capable of learning as well as or better than the "average" person. Her success in school, if measured by GPA, demonstrates as much. She made the Dean's List in college two semesters. She has also claimed that reading and composition come easily to her. She has successfully held jobs as a copy clerk (also performing as a photo technician), a nanny, and an administrative assistant. All of these activities require learning. Li does not show she has performed them in a below average manner.[1] At most, Li has demonstrated her inability to meet turn-around times and quickly grasp material unique to microchip circuit design at Intel, but we cannot conclude on this evidence alone that Li is substantially impaired in her learning. *Cf. Leisen v. City of Shelby-ville,* 153 F.3d 805, 808 (7th Cir.1998) (Plaintiff's inability to secure "paramedic certification does not show that she was substantially limited in ... learning, any more than the fact that a particular individual might not be able to pass a course in physics or philosophy would allow an inference that all learning activity was substantially limited.").

■ Li could still demonstrate disability under the ADA with evidence that Intel regarded her as disabled by showing that Intel: (1) believed Li was substantially impaired in the activity of learning; or (2) mistakenly believed Li's ADHD substantially limited her in the activity of learning. *See Sutton v. United Air Lines,* 527 U.S. 471, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999). Li does not argue that Intel believed she was substantially impaired in learning. Instead, she cites two pieces of evidence to demonstrate that Intel fired her because they mistakenly believed her disorder substantially limited her from learning.

To support her alternative claim that Intel regarded her as disabled, Li points to an unsigned, unauthenticated note that Li claims originated at a meeting between trainee program manager Mary Sullivan, Sullivan's manager, an Intel occupational health nurse, and an Intel human resources specialist. The note states: "[T]hrough our [Intel's] investigation and due to disability-not a good fit." The note also states: "Mary [Sullivan] said Intel will place her." Intel produces ample evidence that it went out of its way to find Li another job within the company by assigning her to a counselor, arranging a meeting with the occupational nurse, providing resume and cover letter proofreading and strategy, arranging interviews, and extending her pay past her termination until she could complete them. Li does not dispute these showings, which suggest only that Intel believed Li was not fit for the mask design position, not that Li's disorder substantially limited her in learning.

Li also points to an event when Sullivan misspelled a word on the board at a mask

---

1. Nor does it matter that Li has to study hard and take medication to learn in the face of her ADHD. The court may consider in its analysis the mitigating effects of Li's adaptive measures. *See Albertsons,* 527 U.S. at 565–66, 119 S.Ct. 2162.

design class and said: "I forgot my medication today." Li argues that Sullivan was making light of Li's disorder, though nothing in the record supports this inference. Even assuming Sullivan made the comment with reference to Li, the words standing alone do not suggest that Sullivan thought Li was substantially impaired in her ability to learn. Also, Sullivan's other actions toward Li-initially granting her request to learn under one teaching assistant and assisting her in securing another position at Intel-belie the inference Li invites this court to make.

## CONCLUSION

Having failed to show that she is substantially disabled in her ability to learn, or that Intel mistakenly regarded her as such, Li fails to make out the first element of a prima facie ADA claim. For the foregoing reasons, the district court is AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.